In the Matter of the Petition of the PRESIDENT, MANAGERS
AND COMPANY OF THE DELAWARE AND HUDSON CANAL COM-
PANY to Vacate an Assessment, etc.

The provision of the charter of the city of Albany of 1883 (§ 2, title XI,
chap. 298, Laws of 1883), providing that if, in the proceedings relative
to an assessment for a local improvement in said city of Albany, "any
fraud or defect in the work, or substantial error, shall be alleged to exist
or have been committed, the party aggrieved thereby may apply to have
the assessment vacated or reduced," and giving the county judge juris-
diction to entertain the application, applies only to assessments there-
after made.

Accordingly, *held*, that the county judge had no jurisdiction to entertain
an application to vacate an assessment made, completed and confirmed
prior to the enactment of said charter.

Reported below, 60 Hun, 204.

(Argued October 19, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made May 21, 1891, which reversed an order of the county
judge of Albany county, vacating an assessment upon lands of
the petitioner for paving, etc., and laying a sewer, etc., in a
portion of South Pearl street, in the city of Albany.

The facts, so far as material, are stated in the opinion.

*Edwin Countryman* and *E. J. Meegan* for appellant.   The
county judge had jurisdiction of the proceeding.   (Laws of
1883, chap. 298, §§ 1–3; Endlich on Statutes, §§ 286, 287;
*People* v. *Tibbetts*, 4 Cow. 384; *In re Tracy*, 59 Barb. 525;
*In re Ford*, 6 Lans. 92; *In re Bevans*, 17 How. Pr. 459; *In
re Beekman*, 19 id. 518.)   The validating clause in the statute
did not render the assessment valid and binding, so as to pre-
clude the property owners from assailing it in a legal proceed-
ing for that purpose.   (*People ex rel.* v. *Brooklyn*, 71 N. Y.
495; *People ex rel.* v. *Wilson*, 119 id. 515, 519; *Cromwell* v.
*McLean*, 123 id. 475; *People* v. *Seymour*, 76 Am. Dec. 529.)
The presentation of a proper petition when required by the
city charter is the basis of jurisdiction to incur an expenditure,

reimbursable by local assessment. (*Jex* v. *New York*, 103 N. Y. 536; *Keese* v. *Denver*, 10 Col. 112; 5 Dillon on Mun. Corp. [3d ed.] 800; *In re Garvey*, 77 N. Y. 523; *In re Banta*, 60 id. 165; *In re Smith*, 99 id. 424; *Tunill* v. *Grattan*, 52 Cal. 97; *People* v. *City of Brooklyn*, 14 Abb. [N. S.] 115; *Mulligan* v. *Smith*, 59 Cal. 206; Cooley on Tax. [2d ed.] 657; *Porter* v. *Hill*, 9 Mass. 34; *Crippen* v. *Morse*, 49 N. Y. 63; *Ruggles* v. *Nantucket*, 11 Cush. 433; *Peck* v. *Sherwood*, 56 N. Y. 615; *Van Rensselaer* v. *Witbeck*, 7 id. 520; *Paust* v. *Golden*, 35 id. 462; *Westfall* v. *Preston*, 41 id. 355; *People* v. *Suffern*, 68 id. 325; *Bellinger* v. *Gray*, 51 id. 620; *Bradley* v. *Ward*, 58 id. 402; *Brevoort* v. *Brooklyn*, 89 id. 131; *Beach* v. *Hayes*, 58 How. Pr. 17; *Hinckley* v. *Cooper*, 22 Hun, 253; *People* v. *Hagadorn*, 36 id. 610; *Inman* v. *Coleman*, 37 id. 170; *Springport* v. *T. S. Bank*, 84 N. Y. 403–409; 75 id. 397, 406; *People* v. *Batcheller*, 53 id. 128; *Starin* v. *Genoa*, 23 id. 439–450, 452; *Craig* v. *Andes*, 93 id. 405; *Town of Ontario* v. *Hill*, 99 id. 324–329; 2 Desty on Tax. 1299; *Thompson* v. *Harvey*, 4 H. & N. 254.) The notice of the proposed law was insufficient and not a compliance with the statute. (*In re Orange Street*, 50 How. Pr. 244; *Arnold* v. *Cambridge*, 106 Mass. 352; *Works* v. *Lockport*, 28 Hun, 10; *In re Van Buren*, 79 N. Y. 384; *Tuffts* v. *Charlestown*, 98 Mass. 583; *In re Grube*, 81 N. Y. 139; *State* v. *Mayor, etc.*, 35 N. J. L. 404; *Sewell* v. *St. Paul*, 20 Minn. 459; *Rathbun* v. *Acker*, 18 Barb. 393; *Kunkakee* v. *Potter*, 119 Ill. 324.) No grade or level having been established before the passage of the law for this improvement, the law is void. (Laws of 1890, chap. 290, § 1; Laws of 1876, chap. 173; *B. P. Church* v. *Mayor, etc.*, 5 Cow. 538; *People* v. *Police Board*, 6 Abb. Pr. 162.) The law passed by the common council was void for the reasons that it failed to follow the petition and its requests, and also the clerk's notice of its pendency before the common council. (*People* v. *City of Brooklyn*, 14 Abb. [N. S.] 118.) The notice for October 11, 1881, is defective in form and substance, and was insufficiently published and, therefore, conferred no jurisdiction

upon which to base an assessment. (Laws of 1870, chap. 77, § 2; *State* v. *Jersey City*, 25 N. J. L. 309; *Merritt* v. *Port-chester*, 71 N. Y. 309.) The notice for proposals was not in accordance with the ordinances. (Laws and Ordinances of 1876, 343, § 4.) The allegations in the petitition of conspiracy and fraud in executing the contract with Brady and McCarty are fully sustained by the evidence in the case, and are found as facts by the county judge. (*In re Raymond*, 21 Hun, 229; *In re Richter*, 92 N. Y. 111; *People ex rel.* v. *Gleason*, 121 id. 631; *In re Rosenbaum*, 119 id. 24.) Chapter 77 of the Laws of 1870 and chapter 302 of the Laws of 1872 are invalid, the titles thereto being contrary to section 16 of article 3 of the Constitution. (*People* v. *O'Brien*, 38 N. Y. 193; *Kerrigan* v. *Force*, 68 id. 381; *People* v. *Hills*, 35 id. 449; *In re Blodgett*, 89 id. 392; *Gaskin* v. *Meek*, 42 id. 186; Sedg. on Const. Law [2d ed.], 528; *Kinne* v. *City of Syracuse*, 3 Keyes, 110; *Tingue* v. *Port Chester*, 101 N. Y. 302; *Watertown* v. *Fairbanks*, 65 id. 588; *People* v. *Mellen*, 32 Ill. 181; *In re Flatbush*, 60 N. Y. 398; *Smith* v. *Mayor, etc.*, 7 Robt. 190; *Johnson* v. *Spicer*, 107 N. Y. 185; *Norton* v. *S. Co.*, 118 U. S. 426.) The provision in the city charter enacting that "all assessments heretofore levied in the city of Albany, proceedings to vacate, review or set aside which were not pending January fifteenth, eighteen hundred and eighty-three, are hereby validated and confirmed," is no bar or answer to the pending proceeding, and does not legalize the South Pearl street assessment. (Cooley on Const. Lim. [5th ed.] 451; *In re Van Antwerp*, 1 T. & C. 423; *O'Brien* v. *Baltimore*, 51 Md. 15; *Lennon* v. *Mayor*, 55 N. Y. 361; 5 Daly, 347; *Hopkins* v. *Mason*, 61 Barb. 469; 2 How. Pr. 115; *Selpho* v. *Brooklyn*, 9 N. Y. S. R. 700; *Ziegler* v. *Flack*, 22 J. & S. 69, 71; *Harper* v. *Rowe*, 53 Cal. 233; *Clementi* v. *Jackson*, 92 N. Y. 591; *Mayor, etc.*, v. *Horn*, 26 Md. 194; *Denny* v. *Mattoon*, 2 Allen, 383; *State* v. *Newark*, 43 N. J. L. 576; *Fanning* v. *Schammuel*, 68 Cal. 428; *In re Rosenbaum*, 25 N. Y. S. R. 135, 136; 119 N. Y. 24; *Stebbins* v. *Kay*, 123 id. 31, 32; *Doughty* v. *Hope*, 3 Den. 594;

*Tifft* v. *Buffalo*, 82 N. Y. 204; *People* v. *McDonald*, 69 id. 362; *Ensign* v. *Barse*, 107 id. 338; 1 Black. on Tax Titles [5th ed.], § 326; *Sewell* v. *St. Paul*, 20 Minn. 459; *Ireland* v. *Rochester*, 51 Barb. 414; *People* v. *McCain*, 51 Cal. 361; *Wheeler* v. *Chicago*, 57 Ill. 415; *State* v. *Perth Amboy*, 38 N. J. L. 425; Cooley on Taxn. [2d ed.] 306; *In re Ford*, 6 Lans. 92; *People ex rel.* v. *Gleason*, 121 N. Y. 631; *Waterman* v. *Fairbanks*, 65 id. 588; *In re M. G. L. Co.*, 85 id. 528.) In making up the apportionment herein, an illegal item of great magnitude was included. No earlier opportunity having been afforded to contest the apportionment, and the only notice given being defective and insufficient, it must be held to be in the same position as if no notice was ever given. Inserting expense of sewers, etc., was, therefore, illegal. (*In re Houghton*, 20 Hun, 395; *State* v. *Plainfield*, 38 N. J. L. 93; *In re Van Buren*, 17 Hun, 527; 79 N. Y. 384; *In re Astor*, 53 id. 617; *In re Folsom*, 56 id. 60; *People* v. *Gray*, 49 Hun, 465; *Spencer* v. *Merchant*, 100 N. Y. 585.) This is a special proceeding, and petitioners were in ample time in commencing this proceeding. (*In re M. S. Inst.*, 82 N. Y. 142; *In re Lord*, 78 id. 109.)

*D. Cady Herrick* for respondent. The county judge had no jurisdiction or authority to hear and determine the proceedings, and the motion of the defendant, the city of Albany, made at the beginning of the hearing and at the close of the petitioner's case to dismiss the proceedings for lack of jurisdiction, should have been granted. (Laws of 1883, chap. 298; *Sanford* v. *Bennett*, 24 N. Y. 20; *Whitney* v. *Thomas*, 23 id. 281; Cooley on Const. Lim. 184; *Howard* v. *Moot*, 64 N. Y. 268; *People* v. *Turner*, 117 id. 235; *Lennon* v. *Mayor, etc.*, 55 id. 361; *Astor* v. *Mayor, etc.*, 62 id. 591; *Eno* v. *Mayor, etc.*, 68 id. 214; *Chase* v. *Chase*, 95 id. 373.) The assessment was legalized by chapter 298 of the Laws of 1883, title 11, section 1. None of the defects of which any proof is pretended to be made are defects which the legislature could not cure, they are not jurisdictional in the sense that the legis-

lature could not have originally dispensed with them. (*Ensign* v. *Barse*, 107 N. Y. 329; *People* v. *Turner*, 49 Hun, 466; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y. 177; *In re M. L. Ins. Co.*, 89 id. 535; *Morce* v. *Buffalo*, 35 Hun, 613; *In re Merriam*, 84 N. Y. 608; *In re Pelton*, 85 id. 681; *In re March*, 83 id. 431–436; Laws of 1872, chap. 302, § 2; Laws of 1871, chap. 536, § 19; *In re Zboborawski*, 68 N. Y. 88; Laws of 1871, chap. 536, § 4; Laws of 1872, chap. 302, § 1; *People* v. *Wilson*, 3 N. Y. Supp. 326; *In re Van Antwerp*, 56 N. Y. 261.) If the law under which the assessment is made is unconstitutional, as claimed in the petition, then the petitioner is not injured and cannot maintain the proceedings. (*Stuart* v. *Palmer*, 74 N. Y. 184.)

O'BRIEN, J. The petitioner and other property owners have challenged the validity of a local assessment, for regulating and improving that part of South Pearl street between Gansevoort street and a point 340 feet south of McCarty avenue in the city of Albany. The county judge of the county of Albany, before whom the proceeding was instituted, vacated the assessment, and the General Term has reversed his determination. By chapter 139 of the Laws of 1870, a portion of the town of Bethlehem was annexed to the city of Albany, and a turnpike country road became an extension of South Pearl street. By chapter 290 of the Laws of 1880, the city was authorized to issue its bonds to pay for the draining, forming and grading, paving and flagging this part of the street, whenever, pursuant to existing laws, the authorities had provided for the expense by a local assessment, and the work had been completed and apportioned and the proceedings confirmed. The bonds were payable in five years, and the payment of the assessment for the work was extended for a like period from the time of the confirmation. On the 30th of August, 1880, the common council passed the ordinance providing for making the improvement. That body had before it at the time a petition signed by certain property owners on the line of the work requesting that the improvement be made.

Various proceedings were had by the city authorities touching the assessment and the contract for the performance of the work; and, at least, an attempt was made to comply with all the requisites of the statute in order to make a valid assessment, if indeed all these provisions were not substantially followed. The common council confirmed the assessment and apportionment October 17, 1881. This was the situation when chapter 298 of the Laws of 1883, entitled "An act to provide for the government of the city of Albany," was passed. This act, which was substantially a new charter for the city, revised, re-arranged and consolidated existing laws, and introduced some new and important provisions in regard to street assessments, and the methods of procedure for a review and correction of the same. These provisions are found in the three first sections of title eleven. Section one provides that "no assessment that may hereafter be levied shall be void, or shall be vacated by any court because of a failure on the part of the contractor to comply in the execution of the work with all the requirements of law, or the contract in respect thereto." Then follows in the same section provisions authorizing any taxpayer or property owner liable to be assessed for the work to institute proceedings against the contractor in the courts to enforce the performance of the contract, to prevent fraud and to reduce the sum to be paid to such contractor in certain cases. The section concludes with these words: "And all assessments heretofore levied in the city of Albany, proceedings to vacate, review or set aside which were not pending January 15, 1883, are hereby validated and confirmed." It is conceded that no proceedings were pending at the above date to vacate, review or set aside this assessment. The second and third sections are as follows:

"§ 2. If in the proceedings relative to *any* assessment or assessments for local improvements in the city of Albany, or in the proceedings to collect the same, any fraud or defect in the work, or substantial error, shall be alleged to exist or have been committed, the party aggrieved thereby may apply to have the assessment vacated or reduced, or both, to a judge of

the Supreme Court, at Special Term or at Chambers, or to the county judge, who shall thereupon, upon due notice to the counsel of the corporation of said city and to the contractor and his sureties, or any other person, if they, or either of them, be proper parties, proceed forthwith to hear the proofs and allegations of the parties.

"§ 3. If after such hearing it shall be finally decided that the alleged fraud or defect in the work or substantial error exists or has been committed, the said assessment shall be vacated, except as hereinbefore otherwise provided, and the lien created thereby, or by any subsequent proceeding, shall, except as hereinbefore otherwise provided, cease; and hereafter no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title arising from any assessment hereafter made. In case the assessment shall not be vacated, the assessment may be reduced or judgment may be given as hereinbefore provided. Owners of property shall hereafter, in proceedings to reduce or vacate or stay payment of assessments, be confined to the form of proceeding in this title mentioned. The court may, in a proper case in proceedings under this title, direct that any issue or issues of fact be tried before a jury."

In the month of October, 1886, and just before the expiration of the five years to which the payment of the assessments had been extended, and when the bonds were about to become due, the petition for the vacation of the assessment in this case was filed with the county judge. It contains numerous allegations against the validity of the assessment as originally levied, based upon alleged errors, omissions and irregularities in the proceedings by the city authorities, and upon alleged frauds by the contractor in procuring and carrying out the contract for the performance of the work. Much of the argument contained in the very able and elaborate brief submitted by the learned counsel for the petitioner, is devoted to showing that the assessment was invalid by reason of non-compliance with the statute, and that these defects, if they existed,

are not cured by the last paragraph of section 1, title 11, of the charter of 1883, which declared the assessment valid and confirmed.

If this was the only question in the case, it might be necessary to discuss the point upon which it depends, namely, the power of the legislature under the Constitution to validate burdens of this character. This question has often been examined and discussed in this court, and as we are of the opinion that there is another question which is fatal to the petitioner in this proceeding, we do not think it necessary, nor indeed hardly proper, to pass upon the effect of such legislation in this particular case.

We think that the county judge had no jurisdiction to vacate the assessment nor to entertain the proceeding, and consequently that the General Term properly reversed his determination. Whatever jurisdiction the county judge has to review local assessments like this is conferred solely by the second section of title 11 of the act of 1883. It is not claimed that he had any such jurisdiction prior to the passage of that act, and the question is whether such jurisdiction as is conferred by the second section applies to and embraces assessments made, completed and confirmed eighteen months prior to its enactment. The first and third sections in terms apply only to assessments "hereafter made." The scope of the second section, it is true, does not appear to be expressly limited by these words; but in view of the position that it occupies in the title and its relation to and connection with the other sections, and the universal rule that statutes are to be construed as prospective in the absence of some words manifesting an intent on the part of the legislature to give them a retroactive operation, we cannot doubt that it was the intention of the legislature to apply this new jurisdiction to future assessments only. (*People v. O'Brien*, 111 N. Y. 59; *In re Van Kleeck*, 121 id. 701; *Sanford v. Bennett*, 24 id. 20; *Whitney v. Thomas*, 23 id. 281–284.)

But the three sections referred to contain, when read together, provisions which show very clearly that the juris-

diction conferred upon the county judge to review and vacate assessments upon proceedings by petition was not intended by the legislature to apply to assessments previously made. One of these provisions is the one which in express words validates and confirms "all assessments heretofore levied in the city of Albany, proceedings to vacate, review and set aside which were not pending January 15, 1883." This assessment is plainly within this provision, and as the court below pertinently suggested, it would be quite unreasonable to impute to the legislature an intent to validate and confirm this assessment, and in the same statute make provision for vacating it by the county judge. The third section in terms prohibits suits in equity "hereafter" to vacate assessments or to remove a cloud upon title arising from any assessment "hereafter made," and then adds this provision : "Owners of property shall hereafter, in proceedings to reduce or vacate or stay the payment of assessments, be confined to the form of proceedings in this title mentioned." Language such as this naturally and necessarily leads to the conclusion that the law makers intended that the new procedure by petition should operate only upon future assessments.

We do not hold that the broad language of the statute validating and confirming all past assessments as to which no proceedings to vacate or review were pending January 15, 1883, operated or could operate to put this assessment beyond the reach of all judicial examination. The old remedy by suit in equity was not in terms abolished nor prohibited as to assessments in the condition that this was. All we hold is that the county judge had no jurisdiction to vacate or review it upon petition.

The order of the General Term should, therefore, be affirmed, with costs.

All concur.

Order affirmed.